Dear Senator Thompson:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. You have asked for our opinion concerning the 180-day grace period provided by La.Rev.Stat. 40:2009.22. Specifically, you have asked whether the 180-day grace period is only applicable to the first renewal period.
According to your opinion request, the Charlyn Rehabilitation and Nursing Center ("Charlyn") purchased a nursing home in May of 2005 and assumed the seller's Medicare number. Charlyn billed under the seller's Medicaid number for approximately two months, pursuant to the contract between the parties. After the two-month period, Charlyn was issued its own Medicaid number and has been billing under this number since that time. In 2006, Charlyn submitted an application for its own Medicare number; however, it stopped the application process because of the dual certification requirement under La.R.S. 40:2009.22, fearing it would lose its Medicaid license in the process. You have indicated that the dual certification requirement essentially forced Charlyn to assume all liability of the seller.
La.Rev.Stat. 40:2009.22 provides the following:
 § 2009.22. Certification of nursing homes
 A. Beginning July 1, 2004, at the time of licensure renewal for nursing homes enrolled in the Medicaid program, those nursing homes enrolled in the Medicaid program shall also be certified for participation in the Medicare Part A skilled nursing facility program.
 B. For any licensing application or renewal on or after July 1, 2004, nursing home providers may be granted a one hundred eighty-day grace period in which to certify for Medicare program participation, any beds that will be enrolled in the Medicaid program. This grace period may be *Page 2 
granted by the Department of Health and Hospitals, licensing and certification division, upon good cause shown.
 C. If at time of license renewal or at any time after a grace period expires, a Medicaid nursing home provider fails to meet the requirements of Subsection A of this Section, such failure may result in Medicaid de-certification of the facility that fails to comply.
 D. However, a skilled nursing facility enrolled in the Medicare Part A program shall not be required to enroll in the Medicaid program. If a Medicare certified skilled nursing facility desires to become Medicaid certified, it shall be required to comply with all requirements of the Facility Need Review program as set forth in R.S. 40:2116(B)(1) et seq.
La.Rev.Stat. 40:2009.22 was added by Act 317 of the 2004 Louisiana Legislative Session and provides, in pertinent part, the following:
 ACT to enact R.S. 40:2009.22, relative to Medicaid nursing homes being Medicare Part A certified; to provide for nursing home operators to be required to participate in the Medicare Part A skilled nursing facility program; to provide for a permissive grace period; to provide for penalties for failure to certify for Medicare; and to provide for related matters.
 * * *
Our reading of La.Rev.Stat. 40:2009.22 reveals a dual certification requirement. Beginning July 1, 2004, nursing homes who were Medicaid certified were also required to be Medicare certified. This dual certification requirement was required at the time of licensure application or renewal. Failure to meet this dual certification requirement resulted in Medicaid de-certification of the facility.
Notwithstanding, La.Rev.Stat. 40:2009.22 gives the Department of Health and Hospitals ("Department") the authority to grant a one hundred eighty (180) day grace period in order to allow a nursing home to obtain Medicare certification.
Your request indicates that the Department has taken the position that the grace period is only available during the first renewal period. Our reading of La.Rev.Stat. 40:2009.22 fails to indicate that the one hundred (180) day grace period is only applicable during the first renewal period. We believe the plain language of the statute is silent on this issue. However, we do believe it is clear that the one hundred (180) day grace period was provided as a benefit for applicants. As such, we are of the opinion that the Department is authorized to grant the one hundred eighty (180) day grace period at any time. Since the statute in question bestows a benefit, it should be interpreted liberally to effectuate the legislative intent. See Attorney General Opinion No. 90-334. *Page 3 
We trust this adequately responds to your request. If you should have any questions about the response contained herein, please feel free to contact our office.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY: __________________________
 MICHAEL J. VALLAN
 Assistant Attorney General
 JDC/MJV/crt